IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA W.,[1] | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 21 C 6603 |
| v. | ) | |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**[3]

Before the Court is Plaintiff Veronica W.'s motion to reverse and remand the Administrative Law Judge's ("ALJ") decision denying her applications for child disability benefits and supplemental security insurance. (D.E. 14) and Defendant's motion to affirm the decision (D.E. 20).

**I.    Procedural History**

Plaintiff applied for child disability benefits and supplemental security insurance on June 15, 2019; she was born on May 29, 2000, and had not attained the age 22 as of July 31, 2016, her amended alleged onset date. (R. 15.) On April 9, 2021, Plaintiff, who was represented by counsel,

---

[1] The Court in this order is referring to Plaintiff by her first name and first initial of her last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] The Court substitutes Martin O'Malley for his predecessor, Kilolo Kijakazi, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On December 20, 2021, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E.8.)

and a vocational expert testified at a telephone hearing before the ALJ. (R. 28-54.) On June 10, 2021, the ALJ denied Plaintiff's application, finding her not disabled under the Social Security Act (the "Act"). (R. 13-21.)[4] This appeal followed.

## II. ALJ Opinion

The ALJ analyzed Plaintiff's claim using the Social Security Administration's ("SSA") sequential evaluation process for evaluating requests for the payment of disabled child insurance benefits where the claimant is 18 years or older and has a disability that began before age 22. 20 CFR § 404.350(a)(5). At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 16.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of: anxiety disorder, mood disorder, and autism spectrum disorder. (*Id*.) At Step Three, the ALJ concluded that Plaintiff's impairments, alone or in combination, did not meet or medically equal the severity of one of the SSA's listed impairments. (R. 23.) The ALJ applied the paragraph B criteria to Plaintiff's mental impairments and found that Plaintiff had moderate limitation in the areas of understanding, remembering or applying information, interacting with others, adapting or managing herself, and concentrating, persisting or maintaining pace. (*Id.*) Next, the ALJ assigned Plaintiff a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: "simple, routine and repetitive tasks with simple workplace decisions; occasional changes; occasional contact with supervisors, coworkers; no public contact; no hourly quotas or fast production rate pace, but can do end of day goals; needs a break of 1-2 minutes an hour while at the work station to refocus; and needs jobs at reasoning level 1-2." (R. 17.) At Step Four, the ALJ concluded that Plaintiff had no

---

[4] The Appeals Council subsequently denied review of the opinion (R. 1-6), making the ALJ's decision the final decision of the Commissioner. *Butler v. Kijakazi*, 4 F.4th 498, 500 (7th Cir. 2021).

past relevant work and at Step Five determined that jobs exist in significant numbers in the national economy that Plaintiff could perform, and thus that she was not disabled under the Act. (R. 20.)

**III.     Legal Standard**

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, – U.S. –, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. The Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022) (citations and quotations omitted). "An ALJ need not specifically address every piece of evidence but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal citations and quotations omitted). Plaintiff argues that the ALJ erred in her analysis of the medical opinions, that her RFC determination was not supported by substantial evidence, and that her subjective symptom analysis was also flawed. Because we remand based on errors in the ALJ's treatment of the medical opinions, we do not reach the other issues.

**IV.     Analysis**

The crux of Plaintiff's argument is that the ALJ's determination of the non-exertional limitations in the RFC is not supported by substantial evidence. Specifically, she argues that the ALJ erred in determining that Plaintiff does not need to be limited to one- to two- step tasks, as opined by a State Agency doctor, and that therefore, the RFC is not supported by substantial evidence. Because we find this argument has merit, we must remand the case.

On reconsideration of Plaintiff's request for benefits, Russel Taylor, PhD, opined, as relevant here, that Plaintiff had the mental capacity "to understand, remember and concentrate

sufficiently in order to carry out one or two – step instructions for a normal work period." (R. 106.) The ALJ found Dr. Taylor's opinion only somewhat persuasive, and specifically held that the medical record did not support limiting Plaintiff to one- to two-step tasks because Plaintiff was able to engage in "considerable" daily activities, including spending time researching on the internet, taking public transportation, and cooking fish for dinner. (R. 19.)

Plaintiff argues first that it was improper for the ALJ to equate her ability to perform these tasks with the ability to work at jobs requiring more than one or two steps, since there is a significant difference between daily activities and work demands, (Pl. Mem. at 3, *citing* Bjornson v. Astrue 671 F.3d 640 (7th Cir. 2012). But that is not what the ALJ did; instead, she cited the evidence of Plaintiff's ADLs as a reason to find Dr. Taylor's opinion not supported by the medical record, which is a legitimate – in fact a required – consideration. 20 C.F.R. § 404.1520c(b)(2); *Giesler v. Kijakazi*, No. 22-CV-03008, 2023 WL 5918671, at *3 (C.D. Ill. Sept. 11, 2023) (considering claimant's ADL's when considering supportability of medical opinion).

The problem here is that, in finding Dr. Taylor's opinion not supported by the medical record, the ALJ completely failed to consider Plaintiffs' school records. The ALJ may not ignore "an entire line of evidence that supports a finding of disability," *Combs v. Kijakazi*, 69 F.4th 428, 435 (7th Cir. 2023), but that is what the ALJ did here by not discussing any of Plaintiff's school records and whether they did or did not support the RFC. Although the ALJ is not required to mention every piece of evidence, she could not ignore them entirely. *See Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019) (ALJ erred by ignoring "entire line" of claimant's employment records). As Plaintiff points out, her school records show impulsivity, low- to below-average academic skills, and weaknesses in reasoning, working memory, and processing speed, among

4

other deficiencies, all of which could support a limitation to one- to two-step tasks. (Pl. Mem. at 5).

The Commissioner argues that any error by the ALJ in her consideration (or lack thereof) of Plaintiff's school records was harmless because Plaintiff's school records are not as dire as Plaintiff contends; the Commissioner contends that these records actually show Plaintiff's ability to perform greater than one- to two-step tasks. (Def. Mem. at 8). But considering and weighing the degree to which the school records bear upon Plaintiff's disability claim is not the Commissioner's prerogative and amounts to little more than speculation about how the ALJ would have weighed the school records, if the ALJ had considered and weighed them. The ALJ has the ability, consistent with substantial evidence, to decide that the school records do not change her RFC determination. Yet if the ALJ did not weigh those records, and here we determine that she did not, we as the reviewing court have no idea how the ALJ may have weighed the school records and performance, or whether the ALJ's consideration of them might have swayed the ALJ's determination of Plaintiff's RFC. Therefore, we must remand, because this entire line of evidence was ignored by the ALJ, whose decision as a result cannot be upheld as supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, we grant Plaintiff's motion to remand (D.E. 14) and deny Defendant's motion to affirm. (D.E. 20).

**SO ORDERED.**

ENTER:

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATED: March 5, 2024**